**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: ASHLEY POWELL TILLMAN**          **CASE NO: 19-12224**
         **DEBTOR**                                              **CHAPTER 7**

## RESPONSE TO MOTION TO CONVERT

**COMES NOW** the Chapter 7 Trustee and files this Response to Motion to Convert and states as follows:

1. Debtor filed this case on May 29, 2019, by filing a Chapter 7 Voluntary Petition and Schedules with this Court.

2. The undersigned was appointed as the Chapter 7 Case Trustee for this case.

3. On Schedule A/B debtor states that she does not own or have any legal or equitable interest in any residence, building, land, or similar property. *See Doc. 1, page 10.*

4. Debtor's original 341 Meeting of Creditors was scheduled for July 11, 2019, at 11:00 a.m. at the Oxford Conference Center.

5. While preparing for the 341 meeting the undersigned found that debtor owned 4.5 acres of real property in Grenada County, Mississippi.

6. Debtor was sworn in at the 341 meeting and stated that she read, signed and was personally familiar with the petition, schedules, statements and related documents that were filed in this case. She further stated that everything in the documents is true and correct, that there are no errors or omissions in those documents and that the documents accurately reflect all her assets.

7. Debtor was again asked if she had any real estate in her name and she replied, "No."

8. After the undersigned specifically mentioned the 4.5 acres in Grenada County debtor stated that her dad might have put the property in her name and that he had talked about it in case he had to go into a facility. She further indicated that it must have been put in her name without her knowledge.

9. It was decided that the 341 meeting would be continued to August 2, 2019, for the specific purpose of getting more information related to the 4.5 acres in Grenada County.

10. Upon review of the Grenada County Chancery Clerk's land records it was discovered that the land was deeded to debtor by a warranty deed from Allen and Brendi Powell filed with the Chancery Clerk on March 25, 2013. On that same date a deed of trust was filed with the Chancery Clerk. The deed of trust lists debtor as the grantor and is signed by the debtor. The deed of trust grants a lien on the same 4.5 acres in Grenada County to Bancorpsouth Bank in return for a mortgage loan to the debtor.

11. The deed of trust was cancelled on April 6, 2018, but the 4.5 acres is still owned by debtor. The property is not debtor's homestead and is not exempt.

12. Debtor did not appear at the continued 341 meeting to further discuss the property. Instead, she filed this Motion to Convert on August 1, 2019, the day before the continued 341 meeting was to be held.

13. There is no absolute right to convert a case from Chapter 7 to Chapter 13. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007). In *Marrama* the

United States Supreme Court states, "bankruptcy judges' broad authority to take necessary or appropriate action 'to prevent an abuse of process' described in Code § 105(a) is adequate to authorize an immediate denial of a § 706 motion to convert in lieu of a conversion order that merely postpones the allowance of equivalent relief and may give a debtor an opportunity to take action prejudicial to creditors." *Id.* at 366.

14. In that case the Supreme Court upheld the denial of debtor's request to convert from Chapter 7 to Chapter 13 after it was determined debtor had misrepresented the value of certain real property and stated he had not transferred the property during the preceding year.

15. Ms. Tillman completely failed to disclose her real property that she borrowed against in 2013 and apparently paid off in 2018.

**WHEREFORE,** the trustee prays that, after considering the above circumstances and any further testimony at a hearing, this Court deny the debtor's Motion to Convert.

**RESPECTFULLY** submitted, this the 9th day of August 2019.

                                                  /s/William L. Fava
                                                  WILLIAM L. FAVA (MSB# 101348)
                                                  Chapter 7 Trustee

P.O. Box 783
Southaven, MS  38671
(662) 536-1116

# **CERTIFICATE OF SERVICE**

I, William L. Fava, Chapter 7 Trustee, do hereby certify that I have this day mailed a true and correct copy of the above Response to Motion to Convert to the following:

U.S. Trustee
Via ECF at [USTPRegion05.AB.ECF@usdoj.gov](mailto:USTPRegion05.AB.ECF@usdoj.gov)

C. Gaines Baker – attorney for debtor
Via ECF

DATED:  August 9, 2019

> \_\_\_/s/William L. Fava\_\_\_\_\_
> WILLIAM L. FAVA
> Chapter 7 Trustee

P.O. Box 783
Southaven, MS  38671
(662) 536-1116