

SO ORDERED,

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| ASHLEY POWELL TILLMAN, | ) | Case No. | 19-12224-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 7 |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO CONVERT CASE TO CHAPTER 13 (Dkt. # 10)

This matter came before the Court for hearing on October 29, 2019, on the *Motion to Convert Case to Chapter 13* (Dkt. # 10) filed by the debtor, Ashley Powell Tillman. The issue is whether the debtor's failure to disclose her ownership of real property on her bankruptcy schedules warrants denial of her motion. It does, and the motion is due to be denied.

1

# I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A) and (O).

# II. FACTS & PROCEDURAL HISTORY[1]

The debtor filed her chapter 7 bankruptcy case on May 29, 2019 (Dkt. # 1).[2] In the debtor's sworn schedules, filed under penalty of perjury, she certified that she owned no "legal or equitable interest in any residence, building, land, or similar property" (Dkt. # 1, Schedule A/B). The debtor actually owns 4.5 acres in Grenada, Mississippi, deeded to her by her parents in 2013. This is non-exempt property available for sale by the trustee with the proceeds to be distributed to creditors. When the trustee confronted her with this asset at the creditors' meeting on July 21, the debtor professed ignorance that the property had been deeded to her. The trustee then postponed the creditors' meeting to gather more information about the property (Dkt. # 9).

---

[1] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[2] The debtor testified that she knew of the importance of accurate schedules because she previously filed bankruptcy in 2005. Case No. 05-16879 (2005).

Before the continued meeting of creditors occurred, the debtor filed this motion in an attempt to convert to chapter 13 and retain the property (Dkt. # 10). The trustee filed his response in opposition (Dkt. # 16). The debtor then filed an Amended Schedule A/B that included the 4.5 acres, valued at $17,100.00 (Dkt. # 20).

At the evidentiary hearing, the debtor again testified that when she filed this case, she did not know she owned the property. This testimony is belied by the fact that the debtor mortgaged the property to secure a loan from BancorpSouth in 2013. The deed of trust, which was admitted into evidence, is dated March 31, 2013 and was signed by the debtor in two places (Trial Ex. # 1). The debtor testified that she received loan proceeds of $15,800.00 and detailed the way she spent those proceeds six years ago. The debtor's memory of the loan, how she spent the proceeds, and that she repaid the loan over time, does not align with her testimony that she did not know she owned the property that secured the loan, especially given that she signed the loan documents.

### III. CONCLUSIONS OF LAW

Section 521 requires a debtor to file a schedule of assets and liabilities.[3] This obligation is "strict and the law requires such schedules to be as complete and accurate as possible. The burden is on the debtors to complete their

---

[3] Use of the terms "Section" or "Code" refer to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, unless noted otherwise.

3

schedules accurately."[4] Inaccuracy of schedules is a factor courts may consider when determining whether a petition was filed in good faith.[5] If a petition was filed in bad faith, or aimed to "abuse the provisions" of the Code, then the filing party may be ineligible to be a debtor under chapter 13.[6] If ineligible, a debtor cannot convert his or her case.[7]

Section 706(a) does not provide an absolute right of conversion if a debtor has engaged in bad faith.[8] "When considering a motion to convert, the Court must evaluate the totality of the circumstances to ensure the debtors are acting in good faith."[9] The United States Supreme Court has held:

> [T]he broad authority granted to bankruptcy judges to take any action that is necessary or appropriate "to prevent an abuse of process" described in § 105(a) of the Code is surely adequate to authorize an immediate denial of a motion to convert. . . that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors.[10]

In *Marrama,* the debtor undervalued property on his schedules, was discovered, and then sought to convert his case to chapter 13.[11] The Supreme

---

[4] *In re Park*, 246 B.R. 837, 842 (Bankr. E.D. Tex. 2000) (citing *In re Faden*, 96 F.3d 792 (5th Cir.1996)).
[5] *In re Estus*, 695 F.2d 311, 317 (8th Cir. 1982).
[6] *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 374 (2007) (citing 11 U.S.C. § 706(d)).
[7] *Id.*
[8] *Id.* at 374 - 375.
[9] *In re Hurtado*, No. 17-10074, 2017 WL 5153567, at *7 (Bankr. S.D. Tex. Nov. 6, 2017) (citing *Marrama*, 549 U.S. at 372 - 374).
[10] *Marrama* at 375.
[11] *Id.* at 368.

Court rejected the argument of an absolute right of conversion where a debtor's bad faith conduct renders him ineligible to serve as a debtor in the first instance, thereby rendering him ineligible to convert his case.[12]

Here, the Court does not find the debtor's testimony credible that she was ignorant of her ownership of the property. The debtor is a college-educated registered nurse with a prior bankruptcy discharge. She is a sophisticated party who admitted at the hearing that she was aware of the importance of full disclosure in bankruptcy schedules. The debtor omitted a valuable asset from her schedules. Once confronted with the falsity of the sworn schedules, the debtor–for the first time–sought to repay some of her creditors by converting the case, thereby allowing her to retain the property. This case squares directly with the holding in *Marrama*, and for the reasons stated therein and herein, the motion is hereby **DENIED.**

---

[12] *Id.* at 375.